UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARVIN WATKINS, III, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>WALTER E. MARTIN, )<br>)<br>Respondent ) | CAUSE NO. 3:07-CV-114 RM |

OPINION AND ORDER

Marvin Watkins, III, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his criminal conviction on April 6, 1999 in the Bartholomew Superior Court, which imposed a 26-year sentence in cause number 03D01-201-PC-152. He is also attempting to challenge his re-sentencing on September 1, 2005 to 24 years. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Section 2254 Habeas Corpus Rule 4.

Mr. Watkins raises three grounds: (1) the sentence was illegal, (2) ineffective assistance of appellate counsel on direct appeal, and (3) the sentence violated Blakely. Grounds one and three arise out of his re-sentencing and are timely, but his second ground, asserting the ineffective assistance of appellate counsel on direct appeal, is untimely.

Habeas corpus petitions are subject to a one-year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Watkins says in his petition that the Court of Appeals of Indiana affirmed his conviction on August 21, 2000 and that he did not file a petition to transfer to the Indiana Supreme Court. Therefore, as to Ground 2, the 1-year period of limitation ran from the date on which the judgment became final at the expiration of the time for seeking direct review pursuant to subparagraph A. The other three subparagraphs do not apply here because Mr. Watkins does not suggest that the state prevented him from filing a timely application for a writ of habeas corpus, because he does not argue that a newly recognized constitutional right related to this ground has been made retroactively applicable to cases on collateral review, and because he does not argue that this ground is based on newly discovered evidence. Though Mr. Watkins presents an argument that <u>Blakely</u> should be applied retroactively in Ground 3, that argument is not related to the ineffective assistance of appellate counsel on direct appeal. <u>Blakely</u> is not about ineffective assistance of counsel and

2

appellate counsel could not have been ineffective for not arguing it on direct appeal because it was not decided until many years after the appeal was filed.

The one-year clock began running when his time for filing a petition for transfer expired 30 days after the Court of Appeals of Indiana affirmed his conviction and sentence. *See* IND. R. APP. P. 57(C)(2). The one-year limitation period began September 20, 2000 and expired September 20, 2001. Though the 1-year period of limitation can be tolled by a properly filed post-conviction relief petition, Mr. Watkins did not file his post-conviction relief petition until January 23, 2002, more than four months after the deadline expired. Therefore Ground 2 is untimely.

Mr. Watkins argues that his re-sentencing was illegal because it misapplied Indiana law and because Blakely v. Washington, 542 U.S. 296 (2004) should be applied retroactively to cases on collateral attack. Attached to his petition, Mr. Watkins has included a copy of the post-conviction relief court's findings of fact and conclusions of law and a copy of the opinion of the Court of Appeals of Indiana affirming the post-conviction relief court's ruling.

This court cannot grant habeas corpus relief based on the violation of state law, in this proceeding, it is not relevant whether a state law was violated. *See* Estelle v. McGuire, 502 U.S. 62 (1991). As to the retroactivity of Blakely, the Indiana court was not unreasonable in holding that it should not be applied retroactively.

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a

> decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Brown v. Payton, 544 U.S. 133, 141 (2005) (citations omitted).

Indiana did not unreasonably apply clearly established Supreme Court precedent because "Blakely does not apply retroactively to convictions that became final prior to its publication." Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005). *See also* In re Dean, 375 F.3d 1287 (11th Cir. 2004) and McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

For the forgoing reasons, the habeas corpus petition is DENIED pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: April  23 , 2007

　　　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United State District Court